UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ariel Reinitz | Alan Chen |
| | James Judge |

**Proceedings:**    ZOOM HEARING RE: DEFENDANT'S MOTION TO DISMISS (Dkt. 34, filed on November 20, 2023)

## I. INTRODUCTION

Presently before the Court is defendant's motion to dismiss. See dkt. 34 ("MTD").

Plaintiff Sunshine Enclosures LLC ("SE") filed a complaint against defendant Final Bell Corp. in the United States District Court for the Southern District of New York alleging (1) patent infringement; (2) trade dress infringement; (3) unfair competition under federal common law; (4) unfair competition under New York law; and (5) deceptive practices and false advertising under New York Gen. Bus. Law §§ 349-350. Dkt. 1 ("Compl."). On June 2, 2023, the case was transferred to this Court.

On November 20, 2023, defendant filed the instant motion to dismiss. Dkt. 34. On December 7, 2023, plaintiff filed its opposition. Dkt. 42 ("Opp."). On December 18, 2023, defendant filed its reply. Dkt. 43 ("Reply").

On January 8, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

SE is a New York limited liability corporation that specializes in manufacturing, engineering, and designing high-quality packaging. Compl. ¶¶ 2, 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

Final Bell is a California corporation with its principal place of business in Van Nuys, California. MTD at 7. It offers outsourcing services for packaging and finishing cannabis-infused products using "state-of-the-art hardware and child-resistant packaging." Id.

On May 31, 2022, the United States Patent and Trademark Office ("USPTO") issued patent number 11,345,507 (the "'507 patent") for a "Biodegradable Child-Resistant Packaging Container." MTD at 3. The '507 patent was filed on July 20, 2020. Id. Plaintiff was not involved in the prosecution and issuance of the '507 patent. It features "a round aperture at a specific location on the narrow side of the outer sleeve and a semi-circular cutout that spans the entire narrow side." Id. at 12. The preferred embodiment is depicted in both Fig. 7 and Fig. 11, which "shows a slide box cover having a semicircular cutout 4A at the open end of each narrow side, and a round aperture 5A disposed at the opposite end of each." Id.



Figure 1. Figures of preferred embodiment of the '507 patent.

On November 15, 2022, the USPTO issued design patent number D969,604 (the "'604 Patent") and assigned the patent to plaintiff. Compl. ¶ 14. The '604 patent was filed on November 12, 2020, and claimed "[t]he ornamental design for an inviolate box, as shown and described" in the figures attached in the patent. Id. at Exh. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |



Figure 2.  Figures from '604 patent.

SE claims it has a trade dress on the '604 Patent design which entails a "rectangular prism, with elliptical cutouts at the opening, and square cutouts configured to receive the flaps located on the tray to provide for a more aesthetically pleasing look distinct from other packaging." Compl. ¶¶ 33-34.  SE's trade dress is allegedly distinctive because it "utilizes a tray which slides into a sleeve, wherein the flaps on the tray engage with the cutouts on the sleeve" as opposed to conventional packaging which "are formed of cardboard, with two flaps folded atop one another." Id. ¶ 35.  SE's packages "are formed of cardboard, a much heavier and non-economical material" relative to thinner paperboard. Id. ¶¶ 36-37.  A Google search for "vape cartridge packaging" does not return any designs with "locking square cutouts on the sleeve." Id. ¶ 35.

SE alleges that Final Bell "has, and continues to, [willfully] infringe the '604 patent by manufacturing, selling, marketing, offering for sale, and/or advertising a packaging implement embodying SE's patented design" (the "Final Bell Package" or the "Accused Products"). Compl. ¶ 16.  The Final Bell Package has three variations: the Alien Labs Package, the Connected Package, and the Nightshade Package. Id. ¶ 16.  Plaintiff asserts that "an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs" that they would "purchase Defendant's Infringing Products, believing [them] to be substantially the same as the SE's packaging design protected by the '604 Patent." Id. ¶ 45.  SE claims that Final Bell continued to infringe the patent despite receiving two separate cease-and-desist letters from SE. Id. ¶¶ 21-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |



Figure 3. Pictures of Accused Products attached in complaint.

Based on the same underlying course of conduct, SE alleges that Final Bell has violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing SE's trade dress, engaged in unfair competition under both federal common law and New York law, and engaged in false advertising and deceptive acts and practices in violation of New York General Business Law §§ 349-350.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### IV.    DISCUSSION

#### A.    Design Patent Infringement

As a threshold matter, defendant asserts that the Accused Products were fully disclosed within the prior art, specifically by the '507 patent.  MTD at 12.  It argues that the '507 patent "limits the scope of the '604 Design Patent, such that the '604 Design Patent cannot be expanded to cover the product configuration disclosed by the '507

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

Patent." Id.  In opposition, plaintiff argues that "a comparison with the prior art[] is inappropriate at the motion to dismiss stage" as such comparisons are an intensely factual question.  Opp. at 6 (citing Lights Out Prods., LLC v. Triller, Inc., No. 22-CV-00416-MCS-MAA, 2022 WL 2159278, at *2 (C.D. Cal. Apr. 27, 2022)).  Moreover, plaintiff contends that the '507 patent cannot be considered prior art under 35 U.S.C. § 102(b)(2)(B) because "plaintiff made a disclosure of the alleged 'prior art' before the filing date of the '507 Patent."  Opp. at 8.  In reply, defendant asks the Court to take judicial notice of the '507 patent to "narrow the scope of the design patent in the court's claim construction."  Reply at 10 (emphasis omitted).

The Court finds that comparison with the prior art is inappropriate at this juncture, as such comparisons are intensely factual in nature.  Accordingly, the Court declines to consider the '507 patent in ruling on defendant's motion to dismiss.

Generally, a plaintiff must prove that "an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design."  MTD at 10.  Both parties agree that this determination may be made at the motion to dismiss stage when "the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them."  Id. at 11 (citing Enerlites, Inc. v. Century Products Inc., 2018 WL 4859947, at *3 (C.D. Cal. Aug. 13, 2018)); Opp. at 4.  Here, defendant claims that an ordinary observer is "the purchasing agent for . . . a company that has a need for child-resistant packaging for cannabis products" that "can be presumed to be knowledgeable about the origin and design of packaging it purchases."  Id. at 14; see also Reply at 11-12.

Defendant has attached a side-by-side comparison of figures from the '604 patent, pictures of the Accused Product, and figures from the '507 patent.  Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |



Figure 3. Side-by-side comparison of figures from '604 patent, '507 patent, and accused product, may remove from final.

Based on the side-by-side comparison, defendant argues that the Accused Products "are so distinct from the package design claimed in the '604 patent such that an ordinary observer familiar with the prior art would not be deceived into thinking that the Accused product design was the same as the design in the '604 Patent." MTD at 14.  It highlights several important differences that allegedly distinguish the patented design and the Accused Products.  For example, the Accused Products utilize a "semi-circular cutout [that] spans the entire narrow side," whereas the '604 patent utilizes "a parabolic cutout [that] only extends across a central part of the narrow side." Id.  Additionally, the Accused Products include a round aperture rather than a square one. Id. at 14-15.  Defendant claims that, "when the[se] [two] features are considered together in the totality of the overall design . . . , it is highly unlikely that an ordinary observer . . . would believe the accused products to be the same as the patented design." Id. at 15.  The limited differences between the two "can be attributed to the straightforward nature of the patented design, which is less complex than those designs cited in" other precedent cases.  Reply at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

In opposition, plaintiff argues that the "limited question on a motion to dismiss is whether the claimed design and the accused product share sufficient visual similarity to plausibly allege design-patent infringement." Opp. at 5 (citing Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc., No. 18-CV-2436-DDP-KKX, 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019)). It contends that the photos attached in the complaint are sufficient to establish visual similarity between the claimed design and the Accused Products. Opp. at 5-6. Plaintiff distinguishes the products at issue in this case from products in other cases where courts found that two products were "plainly dissimilar." Id. at 8-12.

In reply, defendant argues that plaintiff's side-by-side comparison does not include pictures of the Alien Labs Package and uses a different depiction of the Connected Package relative to the version listed on defendant's website. Reply at 7. Additionally, defendant notes that plaintiff "has not provided a direct [textual] explanation of the similarities between the claimed design and the accused products." Id. at 8.

The Court finds that a visual comparison of the figures from the '604 patent and the pictures of the Accused Products do not establish that the two are so plainly dissimilar that it is implausible that an ordinary observer would confuse them. Accordingly, the Court **DENIES** defendant's motion to dismiss the plaintiff's claim for patent infringement.

### B.   Trade Dress Infringement

Defendant argues that plaintiff has failed to clearly articulate its claimed trade dress. MTD at 16. It contends that "[c]ourts in this circuit generally require a plaintiff to 'allege[] a complete recitation of the concrete elements of its alleged trade dress.'" Id. (citing Lepton Labs, LLC v. Walker, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014)). Here, defendant claims that plaintiff broadly alleged its trade dress as "utilizing a rectangular prism, with elliptical cutouts at the opening, and square cutouts configured to receive the flaps located on the tray" and "features are shown below in FIG. 9." Id. at 17. Defendant asserts that "Fig. 9 and the non-exhaustive descriptions of Plaintiff's '604 Patent are alone insufficient to put [d]efendant on notice of the asserted trade dress attendant to its products." Id.

Defendant separately argues that plaintiff has failed to sufficiently plead that its trade dress is inherently distinctive. Id. at 17. While plaintiff claims its trade dress is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

distinctive because it utilizes a "locking square cutout[] on the sleeve," defendant asserts that a "basic geometric shape [such as] a square is not distinctive absent a showing of secondary meeting." Id. at 18.  Here, defendant claims that plaintiff has not established secondary meaning because the complaint "contains no particular allegations concerning advertising and marketing expenditures," consumer studies, unsolicited media coverage, attempts to plagiarize, sales of related products, or the length of time that plaintiff has allegedly been the exclusive seller of the alleged trade dress." Id. at 19.

In opposition, plaintiff describes its trade dress as "comprised of (1) a package with a rectangular prism; (2) elliptical cutouts at the opening; (3) square cutouts on each side configured to receive flaps located on the tray; (4) a tray designed to slide into the rectangular sleeve, where the tray's flaps engage with the cutouts on the sleeve; (5) made of cardboard, which gives Plaintiff's Trade Dress its unique shape." Opp. at 17.  Plaintiff "included an image of the '604 patent, which embodies the trade dress, to further identify [p]laintiff's [t]rade [d]ress." Id. at 14.  It contends that these are "actual, concrete elements" rather than "broad categories" of characteristics. Id.

Additionally, plaintiff argues that it is not required to show secondary meaning at the motion to dismiss stage, because the question of whether a trade dress has acquired secondary meaning, or is inherently distinctive, is a question of fact. Opp. at 15.  It asserts that none of defendant's cited authority address the standard of proof for showing secondary meaning at the motion to dismiss stage. Id. at 16.  Rather, plaintiff must only allege distinctiveness and secondary meaning to survive a motion to dismiss. Id. at 17.

In reply, defendant again argues that "non-exhaustive descriptions accompanied with a figure shown in a design patent rather than images of a product bearing the dress" are insufficient to survive a motion to dismiss. Reply at 13.  It contends that plaintiff's additional explanation in opposition "cannot cure the deficiencies of the Complaint, as . . . [p]laintiff cannot amend its complaint through [its opposition]." Id.  Defendant alleges that plaintiff's description does not disclose how many elliptical and square cutouts the trade dress has, where those cutouts are located, and whether the cutouts are on the front or side. Id. at 14.  It also argues that FIG. 9 of the '604 patent is not an image of the actual product bearing the trade dress and is only a partial view of the '604 patent. Id.  As such, defendant claims the figure "cannot fully disclose the entire design of the claimed trade dress." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

Furthermore, defendant argues that even if the existence of secondary meaning is a question of fact, plaintiff "must minimally provide some semblance of facts that 'lend[] credence to such secondary meaning.'" Reply at 14 (citing S&B Filters, Inc. v. ETN Capital, LLC, 2022 WL 2204144, at *3 (C.D. Cal. Mar. 9, 2022)). Here, defendant claims that "SE has only provided conclusory statements . . . without *any* additional statements, facts, or evidence to support the claim that its trade dress has acquired secondary meaning." Id. at 15 (emphasis added).

The Court finds that plaintiff has failed to adequately plead, with specificity, the concrete elements of its claimed trade dress in its complaint. Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's claim for trade dress infringement and grants plaintiff leave to amend.

### C. Unfair Competition Claims

Defendant argues that plaintiff's federal common law claim for unfair competition is not legally cognizable. MTD at 20. It additionally argues that plaintiff's state common law claim for unfair competition is "preempted by federal intellectual property law." Id.

Plaintiff agrees that its claim for unfair competition should be brought as a statutory claim for relief pursuant to Section 43 of the Lanham Act. Opp. at 19. It requests leave to amend its claims for unfair competition to assert them under federal statute. Id.

In reply, defendant argues that the complaint could not be saved by any amendment because the unfair competition claim is predicated on the federal trade dress claim, which it contends should be dismissed. Reply at 17-18.

The parties agree that plaintiff's unfair competition claims were improperly plead. Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's unfair competition claims without prejudice. The Court finds that it is appropriate to grant plaintiff leave to amend its complaint to assert its claims for unfair competition under federal statute.

### D. Deceptive Trade Practices Claim Under New York General Business Law §§ 349 and 350

New York GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

N.Y. Gen. Bus. Law § 349(a). GBL section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state." Id. § 350.

Defendant argues that plaintiff has failed to allege violations of GBL §§ 349 and 350 that occurred in New York. MTD at 21. It notes that Judge Katherine Polk Failla transferred this action to the present district because plaintiff "fail[ed] to establish [d]efendant conducted any business activities in New York." Id. It further asserts that plaintiff is a corporate competitor and therefore only has standing to bring a claim under GBL §§ 349 and 350 if it shows "consumer injury or harm to the public interest." Id. (citing Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995)). It claims that plaintiff has made only conclusory allegations that defendant's actions are "likely to cause confusion, mistake and deception for and to consumers," with no facts supporting an inference of harm to the public interest or consumer injury in New York State. Id. at 21.

In opposition, plaintiff clarifies that it supported the transfer of this case to the present district, and that Judge Failla "did not, at any time, find that [p]laintiff failed to establish that [d]efendant conducted any business activities in New York." Opp. at 18. It argues that it has sufficiently plead each element of its claims under GBL §§ 349 and 350 by referencing various portions of its complaint. Id. at 19.

In reply, defendant again argues that plaintiff "has failed to sufficiently allege the public harm necessary to sustain the N.Y. GBL §§ 349 and 350 claims." Reply at 17. It notes that "[u]nder New York law, claims involving trademark violations are not cognizable under N.Y. GBL §§ 349 or 350 unless 'there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution.'" Id. at 16 (citing RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp., 2015 WL 5008762, at *4 (S.D.N.Y. Aug. 24, 2015)). Here, plaintiff identifies no harm to the public over and above ordinary trademark infringement, and "pleads no facts from which the Court may infer that the 'core' of its claims is harm to the consuming public rather than harm to its own business interests." Id.

The Court finds that plaintiff has failed to adequately plead claims for violation of NY GBL §§ 349 and 350. In particular, plaintiff has failed to establish a degree of consumer injury or harm to the public interest in New York that would bring plaintiff's claim within the scope of the relevant New York statutes. Accordingly, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08466-CAS-AGRx | Date | January 8, 2024 |
| Title | Sunshine Enclosures LLC v. Final Bell Corp. | | |

**GRANTS** defendant's motion to dismiss plaintiff's claims under NY GBL §§ 349 and 350 without prejudice. The Court grants plaintiff leave to amend.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part and DENIES in part** defendant's motion to dismiss. The Court **GRANTS** defendant's motion to dismiss plaintiff's claims for trade dress infringement, unfair competition, and violation of NY GBL §§ 349 and 350 without prejudice and grants plaintiff leave to amend. Plaintiffs are directed to file an amended complaint by January 23, 2024. The Court **DENIES** defendant's motion to dismiss plaintiff's claim for patent infringement.

IT IS SO ORDERED.

| | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |