UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

Present: The Honorable  CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION TO STAY CASE (Dkt. 78, filed on July 29, 2024)

## I.   INTRODUCTION

Presently before the Court is defendant's motion to stay the case pending a decision by the United States Patent and Trademark Office ("PTO") on the reexamination of the patent-in-suit (U.S. Patent No. D969,604 ("the '604 Patent")). See dkt. 78.

On January 23, 2024, plaintiff Sunshine Enclosures LLC ("Sunshine Enclosures" or "plaintiff") filed the operative First Amended Complaint, alleging (1) patent infringement; (2) trade dress infringement; (3) unfair competition under federal law; (4) common law trade dress infringement; and (5) a violation of the California Business and Professions Code. Dkt. 51 ("FAC").

On February 14, 2024, defendants Final Bell Corp. and 14th Round Inc. (collectively, "defendants"), requested that the PTO reexamine the '604 Patent in light of prior art references not previously considered.

On July 29, 2024, defendants filed the instant motion to stay pending reexamination. Dkt. 78. On August 5, 2024, plaintiff filed a memorandum in opposition to the motion to stay. Dkt. 82 ("Opp."). On August 12, 2024, defendants filed their reply. Dkt. 83 ("Reply").

On August 26, 2024, the Court held a hearing at which time the Court indicated it intended to stay these proceedings. At the hearing, plaintiff explained that the PTO had recently issued an Office Action, Dkt. 87-1 ("Office Action"), which plaintiff argued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

demonstrated the patent was being reconsidered only based on potential obviousness, and that this supported plaintiff's argument that the non-patent claims should not be stayed. The Court ordered supplemental briefing on the question. On September 9, 2024, defendants filed their supplemental brief. Dkt. 87 ("Supp. Brief"). On September 23, 2024, plaintiff filed its opposition. Dkt. 88 ("Opp. to Supp. Brief"). On September 30, 2024, defendants filed their reply. Dkt. 89 ("Reply Supp. Brief").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

Sunshine Enclosures is a New York limited liability corporation that specializes "innovative and distinct packaging solutions." FAC ¶ 7.

Final Bell is a California corporation with its principal place of business in Van Nuys, California. FAC ¶ 7. It offers outsourcing services for packaging and finishing cannabis-infused products using "state-of-the-art hardware and child-resistant packaging." Dkt. 34 ("MTD") at 7. 14th Round is a Delaware Corporation, apparently a related entity of Final Bell, with its principal place of business in Van Nuys, California. FAC ¶ 9.

On November 15, 2022, the PTO issued the '604 Patent, the design patent at issue in this case, and assigned the patent to plaintiff. FAC ¶ 15. The '604 patent "encompasses the design for an inviolate box." Id. ¶ 16.

Plaintiff claims it also has a trade dress on the '604 Patent design which entails "(a) a three-dimensional rectangular outer sleeve member having (b) two parallel long sides, (c) two parallel short sides, (d) a closed top, and (e) an open bottom, where both of the short sides of the outer sleeve member have: (f1) a symmetrical rounded cutout located on the end of the short side adjacent to the open bottom, where (f1a) the apex of the rounded cutout reaches a point along the short side closest to the top, and (g) a rectangular insert having (g1) two quadrilateral flap members extending from, and located on either side of a distal end of the insert." Id. ¶ 27. Sunshine Enclosures alleges its Slide Box is "distinctive due to its radical departure from conventional packaging designs." Id. ¶ 28. Plaintiff's Google search for "vape cartridge packaging" shows

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

"boxes that only utilize a tray and a sleeve. No cutouts (like those in [plaintiff]'s Slide Box), are found." Id.

Sunshine Enclosures alleges that defendants "have, and continue to, [willfully] infringe the '604 patent by manufacturing, selling, marketing, offering for sale, and/or advertising a packaging implement (the "Final Bell Product") embodying [plaintiff]'s patented design." Id. ¶ 32.

Based on the same underlying course of conduct, plaintiff alleges that Final Bell has infringed plaintiff's trade dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), engaged in unfair competition pursuant to 15 U.S.C. § 1125(a), committed common law trade dress infringement, and violated California Business and Professions Code § 17200.

Defendants seek to stay proceedings on all claims pending reexamination of the '604 patent by the PTO based on prior art references not considered before. Dkt. 78-1 ("Memo.") at 2.

### III. LEGAL STANDARD

A district court has discretionary power to stay proceedings pending before it. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). A district court's inherent power to control its docket "includes the authority to order a stay pending the outcome of reexamination proceedings in the PTO." Guthy–Renker Fitness L.L.C. v. Icon Health & Fitness Inc., No. 97-cv-7681-LGB (Ex), 1998 WL 670240, at *2 (C.D. Cal. 1998). Under these circumstances, a court's discretion is guided by: "(1) the stage and history of the litigation; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Asetek Holdings, Inc. v. Cooler Master Co., No. 13-cv-00457-JST, 2014 U.S. Dist. LEXIS 47134, at *5, 2014 WL 1350813 (N.D. Cal. Apr. 13, 2014). Although these three factors have been widely applied, courts have sometimes looked more broadly to the "totality of the circumstances." Allergan, Inc. v. Cayman Chem. Co., No. 07-cv-01316-JVS (RNBx), 2009 U.S. Dist. LEXIS 131889, at *3, 2009 WL 8591844 (C.D. Cal. Apr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

9, 2009); see also Universal Elec., Inc. v. Universal Remote Control, Inc., 943 F.Supp.2d 1028, 1035 (C.D. Cal. 2013) ("The three-factor analysis ... while important, does not capture every relevant consideration.").

"There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." Guthy–Renker Fitness, 1998 WL 670240, at *2 (quoting ASCII Corp. v. STD Entm't USA, Inc., 844 F.Supp. 1378, 1381 (N.D. Cal. 1994)). Moreover, a district court's order staying an infringement suit pending reexamination proceedings is not appealable. Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983). Still, a "court is under no obligation to delay its own proceedings by yielding to ongoing PTO reexaminations, regardless of their relevancy to infringement claims which the court must analyze." Verinata Health v. Ariosa Diagnostics, No. 12-cv-05501 SI, 2014 U.S. Dist. LEXIS 4025, at *5, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014) (quoting ESCO Corp. v. Berkeley Forge & Tool, Inc., No. 09-cv-1635-SBA, 2009 U.S. Dist. LEXIS 94017, at *5, 2009 WL 3078463 (N.D. Cal. Sept. 28, 2009)).

**IV.   DISCUSSION**

The parties agree that the first claim for patent infringement should be stayed. Opp. at 2. They dispute whether the remaining four claims should also be stayed. Id.

Following oral argument, the Court reviewed the supplemental briefing submitted by both parties. The Court finds that the issues remain the same. Though the PTO is reexamining the patent pursuant to 35 U.S.C. § 103 on the basis of non-obviousness, rather than on the basis of novelty pursuant to 35 U.S.C. § 102, the grounds the parties and the Court had thought the PTO was considering at the time of the initial briefing, it will instead consider whether "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious." 35 U.S.C. § 103. Accordingly, the Court concludes that the same considerations raised in the original briefing are relevant in determining whether the non-patent claims should be stayed pending the PTO's reexamination.

The Court proceeds to address each of the relevant factors in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

### A. Stage of Litigation

"'Courts are significantly more likely to grant motions to stay while litigation is in its early stages.'" Intellibrands, LLC v. Jobar International Inc., No. 19-cv-04505-ABJ (EMX), 2019 WL 7997230, at *1 (C.D. Cal. Nov. 27, 2019) (quoting Biomet Biologics, LLC v. Bio Rich Med., Inc., No. 10-cv-1582-DOC (PJWx), 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011)).

Defendants argue that because no fact discovery has been conducted in this case, no depositions have been taken, and no claim construction briefs have been filed, "[t]his case is still in its infancy, making a stay particularly appropriate." Memo. at 5. Defendants cite cases that have been stayed at later stages of litigation. See, e.g. Telesign Corp. v. Twilio, Inc., No. 15-cv-3240-PSG (SSx), 2016 WL 6821111 (C.D. Cal. Mar. 9, 2016) (granting a stay after one deposition, limited written discovery, and the plaintiff having served interrogatories and responded to the defendant's interrogatories); Wonderland Nursery Goods Co. v. Baby Trend, Inc., No. 14-cv-01153-VAP, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (staying proceedings where fact discovery had not been completed and the parties had submitted claim construction briefs, but before a Markman hearing was held); Locata LBS, LLC v. Yellowpages.com, LLC, No. 13-cv-07664-JAK, 2014 WL 8103949, at *2-3 (C.D. Cal. July 11, 2014) (granting a stay after some preliminary discovery, but where formal dates had not been set and depositions had not begun).

Plaintiff does not appear to specifically address this factor in its reply brief.

Given that fact discovery has not begun in this case, nor has a trial date been set, the Court finds that this factor weighs in favor of granting a stay pending the reexamination proceedings.

### B. Simplification of Issues

The Court next analyzes "'whether a stay will simplify the issues in question and trial of the case.'" Mophie, Inc. v. uNu Elecs. Inc., No. 13-cv-01705-CAS, 2014 WL 6775768, at *3 (C.D. Cal. Dec. 1, 2014) (quoting Guthy–Renker Fitness L.L.C. v. Icon Health & Fitness Inc., No. 97-cv-7681-LGB (Ex), 1998 WL 670240, at *2 (C.D. Cal. 1998)). Though "[a] stay will always simplify the issues in the litigation to some extent," "when reexamination potentially will eliminate only one issue out of many, a stay is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

warranted." IMAX Corp. v. In-Three, Inc., 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005). The movant must allege that the remaining claims are sufficiently dependent on the patent infringement claim, undergoing reexamination, such that the resolution of the reexamination would simplify the issues raised by other counts. See Mophie, 2014 WL 6775768, at *6 (citing Photoflex Prod., Inc. v. Circa 3 LLC, No. 04-cv-03715-JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006) (explaining that in Photoflex "the court granted a stay of the patent claims based on re-examination proceedings, [but] the court denied a stay as to the remaining claims because the defendant 'failed to address whether there are significant overlapping issues between the patent claim and these other claims whereby a stay of the other claims would reduce the burden of litigation on both the parties and the Court.'").

      1.    <u>Claims for Trade Dress Infringement Pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Common Law Trade Dress Infringement</u>

Defendants argue that plaintiff's trade dress claims "arise from the allegedly patented products that are covered under its patent claim" and are thus "intertwined." Memo. at 8. Defendants assert that the intertwined nature of the trade dress claims and the patent infringement claim is illustrated by the fact that plaintiff used a figure from the '604 Patent when comparing the alleged trade dress and the Final Bell Product in its FAC. Id.

In opposition, plaintiff argues that most of its claims are non-patent related and thus "'will be completely unaffected by the patent reexamination proceedings.'" Opp. at 2 (quoting Mophie, 2014 WL 6775768, at *6). If the patent "were to disappear tomorrow, the [non-patent] claims would proceed unaffected." Id. (internal quotations omitted). Plaintiff asserts that this is sufficient ground for denying defendants' motion to stay as to the four non-patent claims.

In reply, defendants argue that all of plaintiff's claims stem from the same set of facts, and again highlight plaintiff's use of the '604 patent drawings to state a trade dress infringement claim. Reply at 3. Defendants contend that "design elements claimed in the design patent are being asserted as distinctive features in the trade dress, which establishes a direct link between the claims." Id. As a result, they argue all claims should be stayed to "help streamline and reduce the burden of litigation on the parties and the court." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

Furthermore, defendants claim that if the non-patent claims are not stayed, "fragmented and potentially inconsistent rulings" could result. Id. If the patent is invalidated following reexamination, defendants argue, this could undermine the trade dress claim because "both design patent and trade dress claims involve the same visual aspects of the product." Id. Defendants contend that patent invalidation would suggest that the design "was not novel or non-obvious, which could undermine the distinctiveness required for trade dress protection." Id. at 3-4.

Defendants additionally argue that because the trade dress claims require that the packaging at issue has "acquired distinctiveness, meaning it serves to identify the source of the product," an invalidation of the patent due to prior art "implies that the design was already known and in use before the patent was filed." Id. Defendants would subsequently argue that such a finding vitiates distinctiveness and makes the trade dress unprotectable. Id.

In their supplemental briefing, defendants argue that a finding of obviousness would be relevant to the trade dress claim. Supp. Brief at 3. Defendants contend that "[i]f the patent claims are found to be obvious, this would imply that the design is not unique or novel, making it less likely to qualify for trade dress protection" because if a design is obvious, it cannot be one that distinguishes a product from others on the market, and thus such a finding would weaken a trade dress claim. Id. Accordingly, defendants argue that a finding of obviousness would impact plaintiff's ability to succeed on its trade dress claim. Id.

Defendants also argue that a finding of obviousness is relevant to the likelihood of confusion, which is relevant to the trade dress claim. Id. at 5. Defendants argue that obviousness "implies that similar designs may be common in the marketplace, reducing the likelihood that the relevant consumers . . . would associate the design solely with [p]laintiff's product." Id. Therefore, defendants argue, it would be difficult for plaintiff to show that the use of similar designs by competitors causes confusion to consumers, as a trade dress claim requires. Id.

Finally, defendants argue that the design may be found to be obvious because it serves a functional purpose, which would obviate the trade dress claim, because it requires a showing that the design is non-functional. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

In opposition, plaintiff argues that defendants mistakenly conflate novelty with non-obviousness, and that obviousness does not undermine the distinctiveness required for a trade dress claim, as a finding that the design was not novel might. Opp. to Supp. Brief at 3. Plaintiff contends that "[t]he fact that multiple references could (allegedly) be combined to arrive at [p]laintiff's design does *not* suggest that [p]laintiff's design is not 'unique' or 'novel'" as required for distinctiveness in a trade dress claim. Id. at 3-4. Plaintiff argues that the Office Action itself says that the design is "not identically disclosed or described" elsewhere, supporting distinctiveness. Id. at 4 (citing Office Action at 2). Plaintiff also argues that defendant's functionality concern is "purely hypothetical" and not raised by the Office Action. Id.

In reply, defendants argue that according to the Seabrook test, distinctiveness depends on "whether the design or shape was: (1) a common basic shape or design; (2) 'unique or unusual in a particular field;' and (3) 'a mere refinement of a commonly-adopted and well-known form of ornamentation for a particular class of goods viewed by the public as a dress or ornamentation for the goods.'" Reply Supp. Brief at 2 (quoting Seabrook Foods, Inc. v. Bar-Well Foods Ltd., 568 F.2d 1342, 1344 (C.C.P.A. 1977)). Because the Office Action explained that the modifications made to reach the design in question would have been obvious to a designer of ordinary skill and that making such modifications "'to display a product is commonplace in the field of packaging,'" defendants argue that if the design is found to be obvious it is less likely to be found distinctive under the Seabrook test. Id. (quoting Office Action at 7).

Defendants also argue that the Office Action does raise functionality concerns because it mentions that the design differs from relevant prior art because of a feature that "the examiner noted … is intended 'to display a product' and is 'commonplace in the field of packaging.'" Id. at 3 (quoting Office Action at 7). Defendants contend this could show the feature is functional and therefore unprotectable as trade dress. Id.

As a threshold matter, "trade dress claims under California common law are subject to the same analysis as federal trade dress claims." Benebone LLC v. Pet Qwerks, Inc., No. 20-cv-00850-ABA (FMx), 2020 WL 8732321, at *5 (C.D. Cal. Sept. 3, 2020). Thus, the Court analyzes Count II, trade dress infringement pursuant to § 43(a) of the Lanham Act, and Count IV, common law trade dress infringement, together.

To make out a trade dress infringement claim pursuant to § 43(a), "a plaintiff must meet three basic elements: (1) distinctiveness, (2) nonfunctionality, and (3) likelihood of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

confusion." Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery, 150 F.3d 1042, 1046-47 (9th Cir. 1998). To obtain a design patent pursuant to § 171 of the Patent Act, a "new, original and ornamental design for an article of manufacture" is required. 35 U.S.C. § 171.

Distinctiveness in a trade dress claim inherently requires a design to be unique. If a trade dress is obvious based on prior art, it is not distinctive because it is too similar to the product(s) that proceeded it. Paramount Farms Int'l LLC v. Keenan Farms Inc., No. 12-cv-01463-SVW (E), 2012 WL 5974169, at *5 (C.D. Cal. Nov. 28, 2012) (quoting Seirus Innovative Accessories, Inc. v. Gordini U.S.A. Inc., 849 F.Supp.2d 963, 984 (S.D. Cal. 2012) (explaining that to determine distinctiveness "'courts look at whether the alleged trade dress is so uniquely designed that a buyer will rely on it to differentiate the source of the product.'"). Therefore, if the PTO on reexamination finds that the '604 Patent is invalid for obviousness, such a finding may be relevant to the question of whether plaintiff's trade dress is distinctive.

Unlike in Mophie, where the Court determined that it was "unclear how claims relating to nonfunctional trade dress design elements, packaging, and naming of products [were] 'intertwined' with the patents in suit," Mophie, 2014 WL 6775768, at *7, which were for mobile telephone battery packs, here, the patent is for the same packaging that is at issue in the trade dress claims. Thus, the PTO's patent determination in this case is more likely relevant to the trade dress claims than it was in Mophie.

Given this overlap, a stay of the trade dress claims pending the outcome of the reexamination proceedings could serve to simplify the litigation of these claims. Therefore, this factor weighs in favor of entering a stay as to the trade dress claims pending reexamination.

       2.    Claims for Federal Unfair Competition Pursuant to 15 U.S.C. § 1125(a) and Violation of Cal. Bus. Prof. Code §§ 17200, Et Seq.

Defendants argue that the unfair competition claims are similarly "intertwined" with the patent claim. Memo. at 8. Defendants contend that "[t]he unfair competition claim and state law claim are entirely dependent on the patent infringement claim and trade dress infringement claims" and that there are "significantly overlapping issues between the patent claim and other claims." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

In opposition, plaintiff similarly argues that the non-patent claims will be unaffected by the outcome of the reexamination proceedings. Opp. at 2. Plaintiff contends that defendants' argument that there are "'overlapping issues between the patent claim and other claims' such that a stay of the entire action would 'reduce the burden of litigation' . . . does not warrant a stay of the non-patent claims." Opp. at 4, n.1 (citing Mophie, 2014 WL 6775768, at *7 ("the Court is not persuaded that the possibility of some duplicative depositions justifies a potentially lengthy stay of all claims.")).

In reply, defendants argue that the same set of facts related to the '604 Patent gives rise to all claims. Reply at 3. Defendants reiterate that the claims are "entirely dependent on the patent infringement claim and trade dress infringement claims." Id. at 3. Defendants argue that because "the standard of confusion plays a critical role in both trade dress infringement and unfair competition claims under the Lanham Act," an invalidation or alteration of the '604 Patent might "alter the analysis of whether the design in question is likely to cause confusion with other products." Id. at 4. They contend that if the patent is invalid because of prior art, "it may suggest that consumers are less likely to associate that design with a single source, thereby weakening the trade dress and unfair competition claims." Id.

In their supplemental briefing, defendants argue that "[i]f the design is found to be obvious and commonly used by others as noted in the [Office] Action, [p]laintiff's argument that the design is distinctive and being unfairly appropriated by competitors is significantly weakened." Supp. Brief at 4. An obviousness finding, defendants contend, suggests that the design is in the public domain and accordingly not protectable pursuant to unfair competition law. Id. Defendants argue that a finding that the design is obvious undermines plaintiff's claims based on likelihood of confusion, also impacting the unfair competition claims. Id. at 5.

In opposition to defendants' supplemental briefing, plaintiff does not specifically address the unfair competition claims. Opp. to Supp. Brief.

In reply, defendants reiterate their argument that if the design is obvious, consumers are likely to be familiar with it and are less likely to associate it specifically with plaintiff's product, thus weakening the unfair competition claims. Reply Supp. Brief at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

The Court treats Count III, federal unfair competition, and Count V, violation of the Cal. Bus. Prof. Code § 17200, together, as "this Circuit has consistently held that … actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994) (citing Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991) (citing Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988)); Meta–Film Assocs., Inc. v. MCA, Inc., 586 F.Supp. 1346, 1362 (C.D. Cal. 1984)).

In analyzing federal unfair competition claims pursuant to 15 U.S.C. § 1125(a), "the 'ultimate test' for unfair competition is . . . 'whether the public is likely to be deceived or confused by the similarity of the marks.'" Century 21 Real Est. Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir. 1979) (citations omitted)).

The elements of an unfair competition claim do not directly overlap with the requirements for a design patent such that the two claims are inherently intertwined. Nonetheless, the expert analysis of the PTO may serve to inform the litigation and simplify the issues. In the interest of judicial economy, the Court finds that this factor weighs in favor of staying the unfair competition claims as well, given that the claims are sufficiently interrelated such that the litigation may be streamlined by awaiting the conclusion of the reexamination before proceeding on these claims.

### C. Undue Prejudice

Lastly, the Court "analyzes 'whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.'" Mophie, 2014 WL 6775768, at *5 (citing Guthy-Renker Fitness, 1998 WL 670240, at *2). In making this determination, "'[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice.'" Id. (citing Photoflex, 2006 WL 1440363, at *2). Considerations may include the timing of the request for both reconsideration and the stay, status of the reexamination, and the relationship of the parties. Id. (citing Boston Sci. Corp. v. Cordis Corp., 777 F.Supp.2d 783, 789 (D. Del. 2011)).

Defendants argue that "the procedural posture of this case demonstrates that Defendants did not file the reexamination order in order to unduly prejudice Plaintiff or create a clear tactical disadvantage for Plaintiff." Memo. at 6. Defendants contend that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

the fact that they filed the reexamination shortly after plaintiff filed its FAC, early in these proceedings, supports a lack of prejudice. Id.

Defendants also argue that because "'[t]he reexamination statute directs the PTO to conduct reexamination proceedings with "special dispatch,"'" "courts have held that '[r]e-examination does not threaten protracted or indefinite delay.'" Memo. at 7 (citing Alza Corp. v. Wyeth and Wyeth Pharm., Inc., No. 06-cv-156, 2006 WL 3500015, at *1 (E.D. Tex. 2006) (citing 35 U.S.C. § 305)). Additionally, defendants allege that since the '604 Patent is involved in litigation, the reexamination proceeding will have priority over all other cases." Alza Corp., 2006 WL 3500015, at *1 (internal quotations omitted).

In opposition, plaintiff argues it will be prejudiced by a stay of all claims. Opp. at 3. Plaintiff contends that it would be prejudiced by a stay of the non-patent claims because it would be precluded from pursuing the injunctive relief it seeks on its trade dress infringement and unfair competition claims. Id. (citing Mophie, 2014 WL 6775768, at *7). Plaintiff further argues that "'[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors,'" id. (citing Mophie, 2014 WL 6775768, at *5), and thus, because defendants acknowledge plaintiff as their competitor, the stay should be denied, id. Plaintiff also contends that because defendants' products are on the market and "in [p]laintiff's view – continuing to infringe [p]laintiff's *non-patent* rights," it would be prejudiced by a stay prolonging this conduct. Id. at 3-4.

In reply, defendants argue that any potential prejudice is speculative and outweighed by the benefits of a stay. Reply at 5. Defendants contend that PTO reexamination could be expedited were the litigation stayed. Id. (citing MPEP § 2286 ("'Where a request for *ex parte* reexamination indicates . . . (b) that litigation is stayed for the filing of a reexamination request, all aspects of the proceeding will be expedited to the extent possible.'")). If the non-patent claims were not stayed, defendants argue, the Court and parties would have to engage in duplicative discovery, motions practice, and proceedings "that could ultimately be rendered moot or require significant revision based on the reexamination outcome." Id.

Additionally, in response to plaintiff's argument regarding defendants' and plaintiff's status as direct competitors, defendants argue that the two are competitors in the cannabis packing industry but are not competitors with regard to products of this design. Id. at 6. Defendants claim that plaintiff "has failed to establish their products bearing the trade dress and design are being used in commerce," and that accordingly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

"the urgency for injunctive relief diminishes." Id. at 6. Defendants also argue that if a stay is not granted, they "could be forced to defend against claims that may be significantly altered or rendered irrelevant by the outcome of the patent reexamination," incurring costs and facing potentially inconsistent rulings. Id. For plaintiff, defendants argue, the situation could be remedied by seeking injunctive relief or other remedies if its products do eventually enter the market, and as such the stay "merely postpones" plaintiff's remedies. Id. Defendants contend that such "delay is a reasonable trade-off for ensuring that the litigation proceeds efficiently and that resources are not wasted on potentially moot claims." Id.

In their supplemental briefing, defendants argue that plaintiff has "some control over the duration of the reexamination" because it can waive submission of an owner's statement, which the PTO says can expedite the process by up to five months and it can timely respond to all other PTO communications. Supp. Brief at 6.

In opposition, plaintiff argues that defense counsel estimated the reexamination could take a year or more, which would prejudice plaintiff. Opp. to Supp. Brief at 5. Plaintiff also contends that it should not have to forgo submission of an owner's statement, an aspect of its defense in the reexamination proceedings, to expedite the process. Id. at n.2.

In reply, defendants point out that plaintiff did not waive its statement, but that plaintiff also "did not submit any statement within the allowed time frame, in fact forgoing its defense and effectively delaying the process." Reply Supp. Brief at 5. Defendants contend that this contradicts plaintiff's claim that it will be prejudiced by delay, when it has in fact contributed to such delay. Id.

The Court finds that this factor favors a stay of all claims. The request for reexamination was made shortly after the filing of the FAC, and the motion to stay was made before the start of fact discovery. Although the parties contest whether they are properly described as competitors, the timing of the request suggests that the motion was not made to put plaintiff at a tactical disadvantage. Additionally, the fact that a stay would result in the reexamination being expedited mitigates any potential concerns of prejudice from delay. Overall, it appears that given the interests of judicial economy and avoiding proceeding on claims which may be obviated or altered by the outcome of the PTO's reexamination, the benefits of a stay outweigh any prejudice that may result.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08466-CAS (AGRx) | Date | October 18, 2024 |
|---|---|---|---|
| Title | Sunshine Enclosures LLC v. Final Bell Corp. and 14th Round, Inc. | | |

Given the analysis of the three significant factors, the Court finds that a stay of all claims is appropriate at this time, without prejudice, to be revisited in 120 days.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to stay all claims pending reexamination of the patent-in-suit without prejudice, to be revisited in 120 days.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |